UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tyler Harris,<br><br>                    Plaintiff,<br><br>    v.<br><br>Michael Simon,<br><br>                    Defendant. | Case No. 2:24-cv-01611-APG-BNW<br><br>**ORDER and REPORT AND RECOMMENDATION** |

Pro se plaintiff Tyler Harris initiated this lawsuit on August 30, 2024, by filing an application to proceed *in forma pauperis* and a complaint. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant his request to proceed *in forma pauperis*. The court now screens his complaint.

I.  **ANALYSIS**

   A.  **Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Furthermore, this Court has jurisdiction only over specific types of cases: "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). First, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a).

**B.  Screening the complaint**

Plaintiff alleges what is essentially a breach of contract claim against Defendant, stating that he agreed with Defendant to pay him one-hundred dollars for a morning of work, but that Defendant did not show up when the morning came. *See* ECF No. 10. On its own, breach of contract is not a federal cause of action. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 114 (1936) (explaining that a contract that is "valid and enforceable without reference to a federal law" does not implicate any federal question and therefore does not satisfy federal question jurisdiction); *see also American Express Nat'l Bank v. Goldsmith*, No. 2:24-cv-01464, 2024 WL 3913061, at *2 (D. Nev. Aug. 22, 2024) (stating that a complaint alleging breach of contract but no separate

federal claim will not satisfy federal-question jurisdiction). Therefore, federal-question jurisdiction is not satisfied. The Court must now assess whether Plaintiff has satisfied diversity jurisdiction.

Plaintiff alleges that the amount in controversy for this lawsuit is $200,000. *See* ECF No. 1-1. However, the facts which Plaintiff provided do not suggest that the damages resulting from Defendant's actions approach that amount. Nor do the facts suggest that the amount in controversy exceeds the $75,000 minimum that would give this court jurisdiction over the matter. Plaintiff breaks down the amount in controversy as follows: $1,000 for "bus, uber, gym costs, nails, eyebrows," $4,500 for "Directory of Photography work," and $194,500 for punitive damages. *See* ECF No. 1-1. While it is not the purpose of a screening order to assess the merits of a claim for punitive damages, it is relevant to this order's analysis of diversity jurisdiction that a party in Nevada may not recover punitive damages resulting from a breach of contract. *S.J. Amoroso Const. Co. v. Lazovich and Lazovich*, 810 P.2d 775 (Nev. 1991). As such, the amount Plaintiff lists for punitive damages does not factor into the calculation to determine the amount in controversy.

Based on the facts in the complaint, there is no way to reasonably construe an amount in controversy that exceeds the $75,000 threshold. Indeed, considering that the agreed-upon amount for the Defendant's scheduled day of work was one-hundred dollars, and that the costs to prepare for the shoot totaled $5,500, the facts suggest that the true amount in controversy is far below the necessary threshold. While Plaintiff states that Defendant's failure to show up for their scheduled shoot led to several months' worth of lost profits, nothing further is provided to support this allegation. Thus, even though the two parties are from different states, diversity jurisdiction is not satisfied because the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is not satisfied. As a result, the Court will recommend that this matter be dismissed without leave to amend. This recommendation does not preclude Plaintiff from filing this cause of action in state court.

///

///

///

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**.

**IT IS FURTHER RECOMMENED** that Plaintiff's complaint be dismissed without leave to amend.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 24, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE